UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JULIA S. UNZICKER, <br><br> Plaintiff, <br><br> v. <br><br> HUNTER WARFIELD, INC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:18-cv-04805 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** Julia S. Unzicker ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of Hunter Warfield, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who resides in Illinois and is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is a foreign corporation that is in the business of collecting defaulted debt. Defendant's registered agent in Illinois is Illinois Corporation Service C, located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

6. Defendant provides debt collection and asset investigation services. It specializes in multi-housing, commercial, funeral care, and educational markets, as well as serves educational-student housing and student loans, military housing, utility billing, building and medical supply, and auction bid defaults. The company was founded in 1983 and is based in Tampa, Florida.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In August 2016, Plaintiff moved out of her Golfview Village apartment located at 620 Willow Pond Rd, Rantoul, IL 61866 ("subject property"). Plaintiff and her daughter India, who was seven years of age at the time, were the only occupants in the apartment.

8. At the time Plaintiff moved out of her apartment, Plaintiff believed to have satisfied all her obligations with her landlord.

9. On or around January 2017, Plaintiff began receiving unfamiliar collection calls to her cellular telephone number (217) XXX-4173 from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 4173.

11. Immediately after the calls began, Plaintiff answered a phone call to her cellular phone from a representative of Defendant. Defendant requested to speak to Plaintiff's daughter India in

regard to making a payment of $685.07 ("alleged debt") to satisfy a purported unpaid move-out fee stemming from her apartment lease in Golfveiw Village. In that call, Plaintiff notified that India is only seven years old and does not owe any debts, Defendant immediately hung up.

12. Bewildered, Plaintiff began investigating the reason Defendant was claiming her daughter owed the alleged debt.

13. At no time did Defendant send Plaintiff any correspondence notifying her of her rights pursuant to 15 U.S.C. §1692g.

14. In addition to calling Plaintiff, Defendant also placed numerous calls to Plaintiff's mother and sister's cellular phones also asking to speak with India. When told they are not India, Defendant would immediately hang up.

15. On or around January 2017, Plaintiff disputed the alleged debt and claimed that she paid the move-out fee in full. Plaintiff also demanded that Defendant cease calling her on her cellular phone.

16. Plaintiff's demand fell on deaf ears, as Defendant continued placing continuous harassing calls to Plaintiff's cellular phone after Plaintiff demanded they cease.

17. Defendant mailed Plaintiff a verification letter dated May 3, 2018 ("first letter").

18. The first letter included the name of the original creditor, the alleged debt, Defendant's company name, and interest added to the principal amount. The first letter did not notify Plaintiff that she has the right to dispute the debt within 30 days of receiving the letter, nor did the first letter explain how interest was incurred. The first letter stated that if the alleged debt was not resolved, it would be reported to one or more of the national credit reporting agencies.

19. Plaintiff then received a letter in the mail from Defendant dated June 4, 2018 ("second letter). The second letter is titled "Resolution Offer." The second letter was an attempt by the

Defendant to settle the alleged debt with Plaintiff. The second letter included language such as "PAY NOW," 'Payment must be received within 30 days from the date of this letter," and "interest."

20. In total, Defendant placed or caused to be placed no less than 51 harassing phone calls to Plaintiff's cellular telephone from January 2017 through the present day.

21. The phone number that Defendant most often used to contact Plaintiff is (866) 494-9902, but upon information and belief, it may have used other phone numbers as well.

22. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

23. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

24. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

25. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

**DAMAGES**

26. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

27. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that

4

accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

28. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

29. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I- VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

33. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

34. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

35. Defendant used the phone and mail to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

36. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

37. Defendant violated 15 U.S.C. §§1692c(b) ,c(c), d(5), e(2), (5), (8), (10), f(1) and g(a)(4), through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

38. Defendant violated §1692c(b) by communicating with third parties without the prior consent of Plaintiff. Defendant called Plaintiff's mother and sister asking to speak to India with regard to the alleged debt.

39. Defendant violated §1692c(c) by not ceasing communications with Plaintiff after Plaintiff demanded Defendant cease placing calls to her cellular phone. Defendant continued calling Plaintiff even after she told Defendant to cease placing calls to her cellular phone.

40. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on no less than 3 separate occasions. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

41. Furthermore, Defendant has relentlessly called Plaintiff on no less than 51 occasions in the course of less than a year. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

    b. **Violations of FDCPA § 1692d**

42. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the alleged debt.

Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease on no less than 3 separate occasions.

43. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the alleged debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 51 harassing phone calls to Plaintiff's cellular telephone from January 2017 through the present day.

### c. Violations of FDCPA §1692e

44. Defendant violated §1692e(2) by using false, deceptive, and misleading representation in the letters sent to Plaintiff. Specifically, Defendant sent Plaintiff the first and second letter indicating that interest has been added to the principle amount. This is a false representation of the actual amount in alleged because in Plaintiff's original lease with Golfview Village, there is no provision indicating that interest will be added to any late payments nor is there any provisions that if an unpaid balance is sent to collections, the collector is permitted to add interest or other fees.

45. Defendant violated §1692e(5) by threating to report Plaintiff to one or more of the national credit reporting agencies. This action cannot legally be taken because Plaintiff paid the alleged debt in full.

46. Defendant violated §1692e(8) by threating to report false credit information to one or more of the national credit reporting agencies. After Plaintiff disputed the alleged debt, Defendant stated in the first letter that if this debt was not resolved, it may be reported to one or more of the national credit reporting agencies. This is false information because Plaintiff does not owe the alleged debt. Plaintiff paid all her obligations to the landlord before she moved out of the subject property.

7

47. Defendant's first letter dated May 3, 2018, Defendant attempted to mislead and dragoon Plaintiff into thinking the debt was valid and Plaintiff had no way to dispute the debt in violation of §1692e(10). Defendant did this by stating the letter is a verification of the debt and by not disclosing Plaintiff has 30 days to dispute the debt, which is false and deceptive representation of the status of the alleged debt.

### d. Violations of FDCPA § 1692f

48. Defendant violated §1692f by using unfair and unconscionable means to attempt to collect the alleged debt. Defendant unconscionably attempted to collect the alleged debt when it knew or should have known Plaintiff did not owe the alleged debt. Plaintiff explained to Defendant that Plaintiff paid off any and all obligations owed to the landlord of the subject property before she moved out.

49. Defendant's attempt to collect from Plaintiff was unfair because Defendant added interest to the principal of the alleged debt when Defendant had no right to because the original lease did not give Defendant the right to add interest to the alleged debt.

### e. Violations of FDCPA § 1692g

50. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff through the use of an automated telephone dialing system and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

51. Also, Defendant violated § 1692g(a)(5) by not disclosing Plaintiff has 30 days after receiving the initial commination to dispute the debt.

52. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

53. Upon information and belief, Defendant systematically places unsolicited and harassing debt collection calls to consumers in Illinois in order to aggressively collect debts allegedly in default to increase its profitability at the consumers' expense

**WHEREFORE**, Plaintiff JULIA S. UNZICKER respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Award any other relief as the Honorable Court deems just and proper.

## COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

54. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herin.

55. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

56. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

57. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

58. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

59. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

60. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

61. Defendant violated the TCPA by placing no less than 51 harassing phone calls to Plaintiff's cellular telephone from January 2017 through the present day, using an ATDS without her prior consent.

62. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on her cellular phone on at least 3 separate occasions.

63. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

64. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

65. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

66. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

67. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, JULIA S. UNZICKER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: July 13, 2018

Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 537-1770
mdaher@sulaimanlaw.com

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8141
osulaiman@sulaimanlaw.com